1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13    UNITED STATES OF AMERICA                  )   CASE NO. CV 07-03517-MMM
                                                )              CR 92-00879-JGD
14                          Respondent,         )
                    vs.                         )
15                                              )   ORDER DENYING PETITIONER'S
                                                )   MOTION FOR TIME REDUCTION
16    CARLOS ENRIQUE FRANCO,                    )   PURSUANT TO 28 U.S.C. § 2241 AND
                                                )   DISMISSING PETITIONER'S MOTION
17                          Petitioner.         )   FOR TIME REDUCTION PURSUANT TO
                                                )   28 U.S.C. § 2255
18                                              )
                                                )
19    _____       )

20          On May 30, 2007, petitioner Carlos Enrique Franco filed a motion under 28 U.S.C. § 2255

21    requesting that the court reduce his 240-month sentence.  Franco is prohibited from serving his

22    sentence in a minimum security facility or community corrections center due to his status as a

23    deportable alien.  Franco contends that his sentence should be reduced because his current

24    treatment is discriminatory and violates the Due Process and Equal Protection Clauses of the

25    Constitution.

26

27                              **I.  FACTUAL BACKGROUND**

28    Franco pled guilty to possession of cocaine with intent to distribute in violation of 21

U.S.C. § 841 and was sentenced by Judge John Davies on May 13, 1993.  Based on an information filed by the government under 21 U.S.C. § 851, Judge Davies imposed a 240-month mandatory minimum sentence.  Franco filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on May 22, 2002.  Franco argued that his plea was not knowing and intelligent because he received ineffective assistance of counsel.  He further argued that extraordinary circumstances justified tolling the limitations period within which he was required to file the motion.  On March 16, 2004, the court issued an order denying Franco's motion.  The court found that the motion was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that the circumstances presented were not sufficient to warrant equitable tolling.

Franco filed a second motion to vacate, set aside, or correct his sentence under § 2255 on March 23, 2005.  He requested that the transcripts of his sentencing and plea hearings be unsealed, and that he be provided with copies of the transcripts pursuant to 28 U.S.C. § 753(f).  On July 29, 2005, the court dismissed Franco's motion without prejudice as a second or successive petition that required authorization by the Ninth Circuit.  Franco sought permission from the Ninth Circuit to proceed, but on October 24, 2005, the Ninth Circuit denied Franco's request.

Franco filed the instant motion under 28 U.S.C. § 2255 on May 30, 2007.  He claims that his due process and Equal Protection rights have been violated because, as a deportable alien, he is not eligible for certain early release and community housing programs.  He seeks a reduction in his sentence on this basis.  The government has opposed the motion, arguing that it is procedurally barred.

## II.  DISCUSSION

### A.  Whether Franco's Petition Should Be Analyzed Under Section 2255 or Section 2241

Franco has filed his motion under 28 U.S.C. § 2255.  It is more properly classified as a 28 U.S.C. § 2241 petition, however.  Petitions under section 2241 and motions under section 2255

differ in the type of issues they address.  Motions under section 2255 generally contest the legality of a conviction or sentence, while petitions under section 2241 challenge "the manner, location, or conditions of a sentence's execution."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citing *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980)).  See also *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (stating that section 2241 "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," while section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence," citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration. . . .  A section 2255 motion, by contrast, 'provides the primary means of collateral attack on a federal sentence,'" quoting *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

Where a *pro se* petitioner brings a motion under section 2255 that raises issues more properly addressed through a section 2241 petition, the court should construe it as as section 2241 petition.  See *Tyler v. United States*, 929 F.2d 451, 453 & n. 5 (9th Cir. 1991) (noting with approval the fact that the district court construed a § 2255 motion as a § 2241 petition); *United States v. Dohrmann*, 36 Fed. Appx. 879, 880 (9th Cir. Jan. 31, 2002) (Unpub. Disp.) ("We have often construed petitions labeled as § 2255 motions either as petitions for habeas relief under § 2241 or as petitions for a writ of coram nobis if one of these other avenues is more appropriate"); *Tarango v. United States*, Nos. CV-F-08-975 OWW, CR-F-06-239 OWW, 2008 WL 3892058, *3 (E.D. Cal. Aug. 21, 2008) (construing a motion filed under § 2255 as a § 2241 petition); *United States v. Osuna-Samaniego*, Nos. CR-04-167-RHW, CV-07-143-RHW, 2007 WL 3406758, *1 (E.D. Wash. Nov. 13, 2007) (construing an alternate claim in a § 2255 motion,

which challenged the execution of the prisoner's sentence, as raised in a § 2241 petition).

Franco alleges violations of his due process and Equal Protection rights and seeks a reduction in his sentence.  He contends that he cannot be housed in a minimum security facility or a community corrections center because of his status as a deportable alien, while a United States citizen convicted of identical crimes would be eligible for such housing.  Courts have addressed the issue raised by Franco under both sections 2255 and 2241.  Compare *United States v. Nguyen*, No. CRIM. 97-152-05, 2000 WL 1133055, *1 (D. Or. Aug. 10, 2000) (construing a § 2241 petition alleging, *inter alia*, an equal protection violation due to the deportable alien prisoner's ineligibility for certain programs as a § 2255 motion) with *Osuna-Samaniego*, 2007 WL 3406758 at *1 n. 1 (construing a deportable alien prisoner's claim, in a § 2255 motion, that his ineligibility for programs violated due process and equal protection as a § 2241 petition).

### 1.    Circuit Court Precedent

In *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999), the Ninth Circuit considered a claim similar to the one Franco asserts.  Petitioners were deportable aliens with INS detainers who argued that their ineligibility for a sentence reduction on completion of a drug treatment program violated their equal protection and due process rights.  *Id*. at 1184-86.  They asserted their claims in a § 2241 petition, and the Court analyzed the claims under that section, without indicating in any way that they would more properly have been raised under § 2255.  See *id*. at 1179.

*Green v. Apker*, 153 Fed. Appx. 77 (3rd Cir. Oct. 17, 2005) (Unpub. Disp.) is the only circuit court decision the court has located addressing whether claims such as Franco's are properly raised under § 2255 or § 2241.  There, a prisoner filed a § 2241 petition, asserting, *inter alia*, an equal protection claim based on the fact that a Bureau of Immigration and Customs Enforcement detainer prevented him from participating in various rehabilitative and early release programs.  *Id*. at 79-80.  The district court dismissed the petition on the ground that the prisoner was required to proceed under § 2255, rather than § 2241.  *Id*. at 78.  Although the Third Circuit agreed with the district court as to certain other claims advanced by the petitioner, it disagreed regarding his equal protection claim.  The court explained that "[b]ecause this claim challenges the execution of Green's sentence, rather than the validity of it, he properly raised it in a § 2241

1   petition." *Id.* at 79-80.

2              **2.      District Court Decisions**

3          Those district courts that have considered arguments similar to the one Franco raises have

4   often chosen to address the arguments under both § 2255 and § 2241.  In *Tarango v. United*

5   *States*, Nos. CV-F-08-975 OWW, CR-F-06-239 OWW, 2008 WL 3892058, *3 (E.D. Cal. Aug.

6   21, 2008), petitioner was ineligible for housing in a halfway house because he was subject to

7   deportation upon release.  He filed a § 2255 motion alleging ineffective assistance of counsel

8   based, among other things, on his attorney's failure to argue for a downward departure because

9   of his deportable alien status. *Id.* at *1.  Because petitioner's motion appeared untimely, the court

10  directed him to file an amended motion "setting forth the grounds upon which he seeks relief and

11  the facts upon which he relies in contending that his motion is timely filed or that he is entitled to

12  equitable tolling." *Id.* at *2.  In response, petitioner did not address timeliness or equitable

13  tolling.  Rather, he submitted the affidavit of his attorney, who explained that he was ineligible

14  for housing in a halfway house because of his status as a deportable alien. *Id.* The court dismissed

15  the action because petitioner had submitted no information demonstrating that the motion was

16  timely under § 2255. *Id.* It noted, however, that "[i]t appear[ed] from [petitioner's attorney's]

17  declaration that [p]etitioner is not challenging the legality of his conviction and sentence but,

18  rather, the execution of his sentence." *Id.* at *3.  The court addressed this argument, therefore,

19  as if it had been brought under § 2241. *Id.*

20         In *Osuna-Samaniego*, the defendant filed a § 2255 motion, asserting that his sentence

21  should have been reduced because, as a deportable alien, he was ineligible for certain prison

22  programs. *Osuna-Samaniego*, 2007 WL 3406758 at *1.  The court addressed the argument under

23  § 2255, and denied the motion on the ground that "[n]onconstitutional sentencing errors not raised

24  on direct criminal appeal are deemed waived for purposes of a section 2255 proceeding." *Id.* The

25  court noted that, alternatively, defendant "cast[ ] his sentencing error claim as an equal protection

26  or due process violation." *Id.* at *1 n. 1.  Because "[t]his [type of] claim [could' be construed as

27  a federal prisoner's challenge to the execution of his sentence," the court considered it under §

28  2241. *Id.*

                                              5

In *Perez-Amaya v. Ellis*, No. 1:05-cv-01463-LJO-TAG HC, 2007 WL 678725, *1 (E.D. Cal. Mar. 1, 2007), petitioner filed a § 2241 petition alleging ineffective assistance of counsel. He faulted counsel for failing to raise "his inability to benefit from programs and policies within the Bureau of Prisons ('BOP') due to his status as a deportable alien," noting that it was "a factor that the sentencing court should have taken into consideration in mitigating his sentence or ordering a downward departure from the sentence required under the federal sentencing guidelines," and that disparate treatment of prisoners who are aliens constituted an equal protection and due process violation. *Id.* The court analyzed the petition under both § 2255 and § 2241. It explained:

> "[T]he Court determines that, to the extent that Petitioner's claim is for a reduced sentence, he is challenging his original sentence, and therefore the claim should have been brought in the sentencing court as a motion pursuant to 28 U.S.C. § 2255. To the extent that Petitioner's claim is simply an equal protection and due process claim regarding how the BOP has conditioned the execution of his sentence, this claim should be summarily rejected on the merits. Thus, the Court will recommend that the instant petition be dismissed and denied." *Id.*

Other courts, by contrast, have concluded that the type of claim at issue here belongs in a § 2255 motion because it attacks the legality of the sentence. In *Soto v. Gilkey*, No. CV F 04-6281 AWI WMW HC, 2006 WL 2013584, *2 (E.D. Cal. July 17, 2006), petitioner filed a § 2241 petition in which he "request[ed] that the court grant him a two-point downward departure in his sentence, on the ground that the disparate sentences between alien and American inmates that result from immigration detainers lodged against the alien inmates is a violation of the right to equal protection." The court concluded that a § 2255 motion was the proper vehicle in which to raise the claim because it sought "to challenge the constitutionality of his sentence." *Id.* at *2. The court therefore analyzed the claim under § 2255 only. See also *Nguyen*, 2000 WL 1133055 at *1 (a § 2255 motion is the "appropriate vehicle" for seeking a reduction in sentence based on equal protection violations); *Minh v. United States*, No. CV306-061, 2006 WL 2444085, *2 (S.D. Ga. Aug. 22, 2006) (because "[p]etitioner's chief argument [was] that, if the sentencing court had

1   been aware of the collateral consequences of his alienage, it would have given him a shorter

2   sentence," the court concluded that "[p]etitioner [was] challenging the fundamental validity of his

3   sentence, not its execution," and should have proceeded under § 2255).

4               **3.      Classification of Franco's Petition**

5           The court believes that those courts that have analyzed claims such as Franco's under both

6   § 2255 and § 2241 have followed a prudent course.  Although in many cases, a claim such as

7   Franco's may simply be an attack on the validity of the sentence, Ninth Circuit precedent, as well

8   as the Third Circuit's decision in *Green*, suggests that, at least in some cases, the claim that a

9   deportable alien's ineligibility for prison programs constitutes an equal protection or due process

10  violation is properly brought under § 2241.  Determining which statute to apply will often turn

11  on subtle distinctions between closely related claims.  Because interpreting *pro se* pleadings can

12  be difficult even when fine distinctions are not required, considering a claim such as Franco's

13  under both § 2255 and § 2241 is the best approach.

14          A review of Franco's motion confirms this.  Franco argues that he "does not contest his

15  guilt or in[n]ocence . . . but presents solely the unfairness of his treatment after sentence, in

16  contrast [to] a person who is a [c]itizen of the United States.  Defendant [is] requesting [a]

17  dow[n]ward departure based on his status as a deportable alien, relying on the equal protection

18  and Due Process Clauses of the Constitution."[1]  Franco classifies his motion as arising under

19  § 2255, and references a "downward departure" based on his deportable alien status.  At the same

20  time, however, he asserts equal protection and due process violations that are based on his

21  treatment following imposition of sentence.  To the extent Franco challenges the execution of his

22  sentence and seeks a reduction in sentence as a remedy, the pleading is properly construed as a

23  § 2241 petition. Because Franco references sentencing departures, however, the court will address

24  his claim under § 2255 as well.  The court turns first to the § 2255 analysis.

25

26

27          [1]Defendant's Reply to Government's Response to Desmiss Defendat's Motion for Time

28  Reduction Pursuant to 28 U.S.C. § 2255 at 2.

**B.**   **Whether Franco's Motion Is Barred as a "Second or Successive Motion" under Section 2255**

**1.**   **Whether Franco's Motion Is a "Second or Successive Motion"**

A "second or successive" motion under 28 U.S.C. § 2255 must be certified by the Ninth Circuit Court of Appeals prior to being filed in district court.  Section 2255 provides:

> "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

The Ninth Circuit has stated that "[s]ection 2255, by its terms, expressly incorporates the procedures for certification of the filing of a second or successive motion set forth in section 2244."  *United States v. Villa-Gonzalez,* 208 F.3d 1160, 1164 (9th Cir. 2000).  Section 2244 (b) provides:

> "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  28 U.S.C. § 2244(b).

The holding of *Villa-Gonzalez* was limited to § 2255's incorporation of § 2244(b)(4); the Ninth Circuit did not address whether the cross reference in § 2255 to § 2244 also incorporated the provisions of § 2244(b)(3).  See *Villa-Gonzalez*, 208 F.3d at 1164.  Subdivisions (A) and (B) of § 2244(b)(3), however, are substantially duplicated in § 2255,[2] and other circuits have held that § 2255 incorporates subdivisions (C), (D), and (E).  See *Reyes-Requena v. United States*, 243 F.3d 893, 897 (5th Cir. 2001) ("We first find that §§ 2244(b)(3)(C) and 2244(b)(4) have been incorporated into § 2255, thus making the Southern District's evaluation of § 2255's requirements for second or successive motions appropriate"); *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997) ("we now hold that § 2244(b)(3)(D) and § 2244(b)(3)(E) apply to § 2255").

Furthermore, "[t]he language of § 2255 – that a successive motion must be certified 'as provided in section 2244'– makes no effort to specify which provisions of § 2244 it intends to incorporate.  In the absence of such a specification, it is logical to assume that Congress intended to refer to all of the subsections of § 2244 dealing with the authorization of second and successive motions."  *Triestman*, 124 F.3d at 367.  Thus, cases interpreting section 2244(b) are equally instructive in applying the "second or successive" motion requirement of section 2255.

Not all numerically successive petitions are considered "second or successive."  See *Cooper v. Calderon*, 308 F.3d 1020, 1023 (9th Cir. 2002) (noting that not all numerically successive petitions are subject to the strict limitations on second or successive habeas petitions);

---

[2]The First Circuit has also held that § 2255 incorporates § 2244(b)(3)(A).  See *Munoz v. United States*, 331 F.3d 151, 153 (1st Cir. 2003).

1   *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) ("That a prisoner has previously filed a federal

2   habeas petition does not necessarily render a subsequent petition 'second or successive'"); see also

3   *Allen v. Ornoski*, 435 F.3d 946, 956 (9th Cir. 2006) (stating the term "second or successive" is

4   not defined and that the Ninth Circuit has interpreted it as a term of art deriving from the abuse-of-

5   the-writ doctrine developed in pre-AEDPA cases). A petition is "second or successive" only if

6   its claims were (1) raised in a prior petition and were determined on the merits, or (2) if its claims

7   were not raised in a prior petition and the petitioner's failure to assert the claims earlier constitutes

8   an abuse of the writ. *Cooper*, 308 F.3d at 1023 (applying the rules governing habeas corpus cases

9   under § 2254 to § 2244).

10        A 2255 motion is deemed "second or successive" when it is adjudicated on the merits. See

11   *Green v. White*, 223 F.3d 1001, 1002 n. 1 (9th Cir. 2000); see also *Ortiz-Sandoval v. Clarke*, 323

12   F.3d 1165, 1169 (9th Cir. 2003) ("Because the claim before us was presented in Sandoval's first

13   petition and because the claim was not previously adjudicated on the merits, § 2244(b) does not

14   bar the instant petition"). As discussed above, Franco's first § 2255 motion was dismissed as

15   time-barred. A dismissal based on a petitioner's failure to comply with AEDPA's one-year

16   limitations period constitutes an adjudication on the merits. See *Murray v. Greiner*, 394 F.3d 78,

17   81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the

18   one-year statute of limitations constitutes an adjudication on the merits that renders future petitions

19   under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)");

20   *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003)(holding that "because a statute of limitations

21   bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect

22   barring consideration of the petitioner's substantive claims," a petition filed after a prior petition

23   was dismissed as untimely is a "second or successive" petition under § 2244(b)).

24        Furthermore, a motion is deemed "second or successive" when the claims it asserts were

25   not raised in a prior petition and petitioner's failure to raise the claims earlier constitutes an abuse

26   of the writ. See *Cooper*, 308 F.3d at 1024; see also *Allen*, 435 F.3d at 957 ("A petition for

27   review of a new claim that could have been raised earlier may be treated as the functional

28   equivalent of a second or successive motion"). The abuse of the writ doctrine examines a

10

petitioner's actions to determine whether there was a legitimate excuse for failing to raise a claim at the appropriate time.  See *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); see also *Allen*, 435 F.3d at 957 (holding that a habeas application was second or successive under the abuse of the writ doctrine because petitioner could have raised the claim earlier).  Franco was sentenced on May 19, 1993.  He filed his first § 2255 motion on May 22, 2002, and a second on March 23, 2005.  Insofar as a § 2255 motion was the proper vehicle for raising his present claim, Franco could have asserted the due process and equal protection violations he now pleads at any point from the date of his imprisonment in 1993 to the filing of his two earlier § 2255 motions in 2002 and in 2005.  He did not do so, and offers no legitimate excuse for failing to raise the claims in the earlier motions.[3]

Accordingly, Franco's instant motion, insofar as it is construed as a motion under § 2255, is a second or successive motion because the claims could have been raised at an earlier time.  It therefore requires certification by the Ninth Circuit.

### 2.     Whether Franco Obtained Certification from the Ninth Circuit

Where a petitioner files a second or successive § 2255 motion without receiving prior authorization from the court of appeals, the district court has no jurisdiction to consider the merits of the motion.  See, e.g., *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) ("Allen did not request the requisite certification from this court prior to filing this § 2255 motion in which he has raised a successive claim.  We conclude that the district court lacked jurisdiction to consider the merits of Allen's claim").  Because Franco adduces no evidence that he has obtained Ninth Circuit certification authorizing him to file a second or successive motion, the court is without jurisdiction to consider the merits of the motion to the extent it is advanced under § 2255.

---

[3]Given AEDPA's one-year statute of limitations, Franco was required to raise the issue within one year of his conviction.  This was the ground upon which Franco's first § 2255 motion was denied.  Even if the statute of limitations did not bar this petition, however, the fact that Franco could have but did not raise the issues advanced in this motion in his earlier motions provides further reason to deny the present motion.

1

### C.     Whether Franco Is Barred from Bringing a Section 2241 Petition

2        Petitions brought under § 2241 are not subject to the rule requiring appellate certification

3   for second or  successive petitions.  See *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)

4   ("the prior-appellate-review provisions of § 2244(b) do not apply to habeas petitions filed under

5   § 2241").  Section 2241 petitions are not without limitations, however.  28 U.S.C. 2244(a) states,

6   in part:

7            "No circuit or district judge shall be required to entertain an application for a writ

8            of habeas corpus to inquire into the detention of a person pursuant to a judgment

9            of a court of the United States if it appears that the legality of such detention has

10           been determined by a judge or court of the United States on a prior application for

11           a writ of habeas corpus . . . ."  28 U.S.C. § 2244(a).

12       Section 2244(a) "prevents a federal inmate from using § 2241 'to call into question the

13   validity of a conviction or sentence that has already been subject to collateral review.'" *Barapind*,

14   225 F.3d at 1111 (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998)).  Most

15   courts have applied the abuse of the writ doctrine to § 2241, however, holding that § 2244(a)

16   only bars § 2241 petitions that raise claims that have been or could have been raised on a

17   previous petition.  See *Barapind*, 225 F.3d at 1110-12 (applying the abuse of the writ doctrine

18   to § 2241 petition); *Valona*, 138 F.3d at 695 ("§ 2244(a) bars successive petitions under § 2241

19   directed to the same issue concerning execution of a sentence"); *Queen v. Miner*, 530 F.3d 253,

20   255 (3rd Cir. 2008) (the abuse of the writ doctrine applies to § 2241 petitions to bar claims that

21   could have been resolved in a prior action, citing *McCleskey*, 499 U.S. at 483-86).  Because §

22   2241 and § 2255 address different types of claims, it is not an abuse of the writ to bring new

23   claims in a § 2241 petition that could not have been brought in a previous § 2255 motion.  See

24   *Chambers*, 106 F.3d at 475 (§ 2241 and § 2255 allow different types of claims so raising a new

25   claim in one type of petition subsequent to filing a petition of the other type is not an abuse of the

26   writ); see also *Barapind*, 225 F.3d at 1112 (incorporating *Chambers* into abuse of the writ

27   analysis).

28       Franco has previously filed § 2255 motions, but has not previously filed a § 2241 petition.

12

1   Insofar as the claims at issue here are properly raised in a § 2241 petition, therefore, Franco is

2   not barred by the abuse of the writ doctrine and § 2244(a).

3               **D.      Whether Franco's Argument Is Meritorious**

4           Franco argues that his sentence should be reduced because, as a deportable alien, he is not

5   eligible for more lenient confinement while serving the last ten percent of his sentence under 18

6   U.S.C. § 3624(c).[4]   Although Franco's argument is properly raised in a § 2241 petition, his

7   substantive claims fail on the merits.

8           The Ninth Circuit has squarely addressed whether the fact that deportable alien inmates

9   are ineligible for more lenient housing programs is a violation of equal protection.  In *McLean*,

10  the court held that prisoners with detainers, such as the one that prevents Franco from

11  participating in early release programs, are not a suspect class, and that any laws subjecting them

12  to disparate treatment are subject only to rational basis scrutiny.  *McLean*, 173 F.3d at 1186.

13  Applying rational basis review, the court found the Bureau of Prison's "reasonable concern that

14  prisoners with detainers pose a flight risk during the community-based treatment phase" sufficient

15  to justify the detainer exclusion.  *McLean*, 173 F.3d at 1186; see also, e.g., *Green*, 153 Fed.

16  Appx. at 79-80; *United States v. Escalante-Estrada*, No. 07CV1360 J, 2007 WL 2238457, *2

17  (S.D. Cal. Aug. 3, 2007).  Thus, Franco's equal protection argument fails.

18          The Court in *McLean* also rejected the petitioners' due process claim.  It noted that "[a]

19  due process claim is cognizable only if there is a recognized liberty or property interest at stake,"

20  *id.* at 1184 (quoting *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir.1995)), and that 18

21  U.S.C. § 3621(e)(2)(B), the statute invoked by petitioners, did not create a liberty interest in

22  sentence reduction.  *Id.* at 1185.  Franco contends that denial of the opportunity for more lenient

23  housing provided by 18 U.S.C. § 3624(c) violates his due process rights.  Courts have concluded

24  that § 3624(c) does not create a liberty interest.  See *Lyle v. Sivley*, 805 F.Supp. 755, 760 (D.

25  Ariz. 1992) ("The Court therefore concludes that section 3624(c) does not create a protected

26  liberty interest.  This conclusion is buttressed by the fact that every other federal court to have

27  _____

28          [4]*Id.* at 6.

addressed the question has reached the same result," citing *Flisk v. United States Bureau of Prisons*, No. 92 C 1203, 1992 WL 80523, *1-2 (N.D.Ill. Apr. 10, 1992), and *United States v. Mizerka*, CR. No. 90-306-FR933, 1992 WL 176162, *2 (D.Or. Jul. 16, 1992)); see also *Gilliam v. Holt*, No. 1:CV-07-0359, 2008 WL 906479, *10 (M.D. Pa. Mar. 31, 2008) (noting "the conclusion unanimously reached by other courts that § 3624(c) does not create a liberty interest because it 'refers to no [mandatory] procedures.  It is instead a broadly worded statute setting forth a general policy to guide the prison system,'" quoting *Gambino v. Gerlinksi*, 96 F.Supp.2d 456, 459-60 (M.D. Pa. 2000) (alteration original)).  Accordingly, Franco's due process argument fails.

### III.  CONCLUSION

For the reasons stated, Franco's motion for time reduction, insofar as it is raised under section 2255, is dismissed without prejudice.[5]  Insofar as brought under § 2241, Franco's petition is denied with prejudice.

DATED: February 23, 2009

_Margaret M. Morrow_
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[5]Several circuits have examined whether district courts faced with a "second or successive" habeas petition filed without the authorization of the court of appeals should dismiss for lack of jurisdiction, or transfer the action to the appropriate court of appeals under 28 U.S.C. § 1631. The Second, Sixth and Tenth Circuits mandate transfer (see *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)), while the Third, Fourth and Seventh Circuits have recognized that a district court may either dismiss or transfer (see *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996)).  Although the Ninth Circuit has not addressed the issue, district courts within the circuit have frequently dismissed such petitions without prejudice. See, e.g., *Heaton v. Stevenson*, No. Civ. 04-1368, 2004 WL 2303607, * 1 (D. Or. Oct. 6, 2004); *Chavez v. Yates*, No. C 03-5448, 2004 WL 2197009, * 1 (N.D. Cal. Sept. 20, 2004); *Whitehead v. Ramirez-Palmer*, No. C 01-3607, 2001 WL 1256592, * 1 (C.D. Cal. Oct. 11, 2001).